IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

LONNIE CLARK,　　　　　　　　　}
　　　　　　　　　　　　　　　　}
　　　Plaintiff,　　　　　　　　}
　　　　　　　　　　　　　　　　}　　CIVIL ACTION NO.
v.　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　}　　CV-00-AR-2376-M
AMERICAN HOME PRODUCTS　　　　　}
CORPORATION, et al.,　　　　　　}
　　　　　　　　　　　　　　　　}
　　　Defendants.　　　　　　　　}

**ENTERED**
**OCT 3 1 2000**

## MEMORANDUM OPINION

　　　This court, to whom the above-entitled case was recently reassigned, inherited, among other motions, a pending motion by plaintiff, Lonnie Clark ("Clark"), to remand the case to the Circuit Court of Etowah County, Alabama, from whence it was removed by defendant, American Home Products Corporation ("AHPC"). In a highly unusual twist, the only other defendant, Dr. Henry Born ("Dr. Born"), not only refused to join in the notice of removal, but has filed his own motion to remand.

　　　The removal is based on 28 U.S.C. §1332, meaning that in order to get the job done, complete diversity of citizenship between all proper plaintiffs and all proper defendants must exist, and the removal must have been taken within thirty (30) days after the fact of removability first appeared. Because defendant, Dr. Born, is a resident of Alabama, as is plaintiff, AHPC alleges, as it must, that Dr. Born was "fraudulently joined". The concept of "fraudulent joinder" has some kinship with the concept of legal

fraud, but the concepts are not identical. Instead, "fraudulent joinder" relies upon proof that there was never any possibility of plaintiff's recovering against the non-diverse defendant. Overlooking, for the moment, the questions of when and how AHPC discovered what it says is an absolute statute of limitations defense for Dr. Born, AHPC would have this court overlook the fact that the defense of the statute of limitations is an **affirmative defense** that if not pled is waived. See *Baker v. Ball*, 446 So.2d 39 (Ala.1984); Fed.R.Civ.P. Rule 8(c). This is even more persuasively true when the applicable statute of limitations (Ala. Code §6-5-482(a)) involves, as the triggering event, the date upon which the person to be barred **should,** by the exercise of reasonable diligence, have known of his cause of action.

   Dr. Born's possible statute of limitations defense cannot be set up by Dr. Born's diverse co-defendant for its purpose of accomplishing a removal over the objections both of plaintiff and of Dr. Born. Furthermore, there are enough predictable, meritorious arguments in this case, both legal and factual, relating to Dr. Born's statute of limitations defense under Ala. Code §6-5-482(a) to prevent this court from granting what is, in effect, a vicarious and unwanted Rule 12(b)(6) motion on behalf of Dr. Born. Dr. Born obviously wants his controversy with the plaintiff decided in the "briar patch" chosen by his protagonist. For strategy reasons, a defendant like Dr. Born often decides not

to interpose a statute of limitations defense.  In the first place, such a defendant is reluctant to assume the burden of proving this specialized defense.  More importantly, juries are notorious for their dislike of "technical" ways around responsibility for what they think is misconduct that caused injury.  This court cannot tell from the record whether Dr. Born intends eventually to interpose the statute of limitations as a defense.  If he filed any pleading in the state court along this line, or otherwise, before the removal, it is conspicuously absent from the notice of removal, something that, if absent, would be a fatal defect under 28 U.S.C. §1446(a).

This court respectfully declines to evaluate the merits of a statute of limitations defense for Dr. Born, on the hypothetical assumption that Dr. Born raises it, except to say that if this court had jurisdiction over plaintiff's medical malpractice claim against Dr. Born, a jury question as to when Clark "should have known" of his claim against Dr. Born would probably be presented.

At least one other question intrigues this court, although unnecessary to the decision.  The notice of removal avers in paragraph 4 that "**on or after** July 26, 2000, counsel for AHPC obtained a cardiac catheterization report...".  It was this medical report that allegedly constituted the first notice to AHPC that the action was barred as against Dr. Born as a matter of law.  Construing, as the court must, a notice of removal strictly against

3

the removing party, this medical report was obtained by the removing defendant **on** July 26, 2000, more than thirty (30) days before the notice of removal was filed on August 28, 2000, and was thus untimely.

A separate order of remand will be entered.

DONE this 31st day of October, 2000.

                                                  WILLIAM A. ACKER, JR.
                                                  UNITED STATES DISTRICT JUDGE